**Jonathan Silver**
*Attorney at Law*
—
of Counsel
Stephen J. Fein
Jennifer Beinert
Paul C. Kerson

Crossroad Tower
80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415
(718) 520-1010
Fax No. (718) 575-9842
juanplata@aol.com

**MEMO ENDORSED**

March 19, 2020

Hon. Katherine Polk Failla
40 Foley Square
Room 2103
New York New York 10007

      Re: <u>**Jose Luis Gavino Teofilo et al v. Real Thai Cuisine Inc. et al**</u>
           **SDNY 18 CV 7238**

Dear Judge Failla:

      I am writing as the attorney for the defendants in the above matter to requesting permission to move to be relieved as their attorney of record.

      My client and I have been in contact by email and by cell phone during the last several days.

      Based on our discussions, the clients have agreed that I can be relieved as attorney of record for the defendants in the above matter. A letter confirming that has been signed by the client. A copy of this letter is being sent by email to the client.

      I was advised that the defendant Real Thai restaurant has been out of business for sometime and there are no assets of the corporation. I have personally visited the former location of the restaurant and it is now a new restaurant by a new owner, apparently not owned or operated by the defendants.

I was also advised that there it has a number of outstanding substantial obligations including possible tax obligations.

As to the individual defendant, she advises that she also has a number of outstanding substantial obligations including possible tax obligations.

She advises that she has no money to pay any sum towards settlement.

I have sent my legal bill for services to date to defendants and I was told that the balance of the bill cannot be paid. I was further told that the defendants cannot make payment for legal services through trial that has yet to be provided which would include the cost of a Thai translator for the individual defendant. At her deposition, she used a translator as she thought it best to make sure she was understood.

My conversations and emails with the client have been in English as she has more than sufficient language skills to understand what we have discussed.

Plaintiff is due to file their portion of the pre-trial Order by March 23, defendants by March 30 and a conference is now set down for April 6, 2020.

Based on all of the above, I ask that all pending matters be stayed while my application is under consideration.

I have conferred with opposing counsel and I obtained his consent for the stay until 30 days after a Decision on the application is made.

Respectfully submitted,

JONATHAN SILVER

JS/as

Application for leave to withdraw GRANTED as follows:  Mr. Silver is ordered to remain on as counsel for Defendants Real Thai Cuisine, Inc., Nimnual Likitvarin, and Pookie Doe for the next sixty (60) days.  During that time period, Defendants will either obtain substitute counsel or, with respect to the individual defendants, proceed pro se.  Mr. Silver will explain to his clients their options, including the facts that (i) the corporate defendant cannot proceed pro se, and (ii) the corporate defendant will default if new counsel is not obtained.  Additionally, the Court directs counsel for both sides to continue the settlement discussions referenced during the telephonic conference held with the Court on March 20, 2020.

All deadlines are stayed for the next 60 days.  Counsel are directed to submit a joint letter to the Court on or before **May 22, 2020,** regarding Defendants' representation issues and the status of settlement discussions.

Dated:    March 24, 2020          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE